No. 21451.

ALBERT L. COVI *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(408 P.2d 74)

Decided November 22, 1965.

Plaintiff in error, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE H. SIBLEY, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE plaintiff in error will be referred to as the defendant or by name.

An information was filed in the district court of the City and County of Denver in which the defendant and one Anderson were accused of aggravated robbery and

conspiracy to commit that crime. A severance was granted and upon trial of the defendant he was convicted on each count and sentenced to the state penitentiary. Following entry of the judgments the defendant filed a petition asking that the trial court appoint an attorney for the purpose of seeking review by writ of error. This motion was granted. The defendant was supplied with a record at the expense of the People. After the attorney who had been appointed received the reporter's transcript he asked leave to withdraw his appearance. The trial court granted his request. No further application for the appointment of an attorney was made by the defendant and he appears in this court pro se. The contention is made that the evidence is insufficient to support the judgments, and that the district attorney made improper remarks to the jury in closing argument.

 We can readily understand why the attorney who was appointed to seek review of the judgments in the instant case asked leave to withdraw his appearance. There is not the slightest justification for writ of error in this case. The defendant was positively identified by two eyewitnesses to the robbery. The man whose money was taken, one William B. Huitt, was knocked unconscious and brutally beaten. Both he and his companion, Mr. Quinn, were threatened with "a long-bladed" knife, which was placed "right up to the pit of my stomach," just prior to the time the money was produced. There is not the slightest conflict in the evidence. The defendant called no witnesses and offered nothing whatever to disprove the evidence offered by the People. His guilt is established by an abundance of evidence, and we cannot conceive that any jury could possibly have arrived at any different verdicts than those which were returned. There is no merit to the argument that the district atttorney made improper argument to the jury.

The judgment is affirmed.